**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000594
08-AUG-2023
07:55 AM
Dkt. 34 SO**

NOS. CAAP-21-0000594 AND CAAP-21-0000666

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

**CAAP-21-0000594**
WENJIU LIU, Petitioner-Appellant, v.
MARGARET YU, Respondent-Appellee
(CASE NO. 5DSS-21-0000100)

and

**CAAP-21-0000666**
MARGARET YU, Petitioner-Appellee, v.
WENJIU LIU, Respondent-Appellant
(CASE NO. 5DSS-21-0000106)

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
LĪHU'E DIVISION

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Self-represented Appellant Wenjiu **Liu** appeals from the:
"Order Dissolving Temporary Restraining Order" entered by the
District Court of the Fifth Circuit, Līhu'e Division, in
Judiciary Information Management System (**JIMS**) no. 5DSS-21-
0000100, on September 27, 2021; and the "Injunction Against
Harassment" entered by the district court in JIMS no. 5DSS-21-
0000106 on October 22, 2021.[1] We consolidated the appeals. For
the reasons explained below, we affirm.

---

[1]    The Honorable Robert M. Goldberg presided.

Appellee Margaret **Yu** was Liu's landlord. On June 7, 2021, Liu filed a petition for a temporary restraining order (**TRO**) against Yu. A TRO was issued on June 8, 2021.

On June 15, 2021, Yu filed a petition for a TRO against Liu. A TRO was issued the same day. The cases were consolidated for trial.

Trial was held on August 9, 13, and 16, 2021, before Judge Stephanie R.S. Char. On August 16, 2021, Liu filed a letter that the district court treated as a motion to disqualify Judge Char. The trial was continued. On September 10, 2021, the parties were informed that Judge Char had recused, and the trial would continue on September 27, 2021, before a different judge.

On September 27, 2021, the district court explained to the parties that the trial "will start over from the beginning." According to the district court's minutes, Yu moved for summary judgment after Liu finished testifying. The minutes state: "The Court felt that Mr. Liu did not meet his burden of proof and therefore [Liu's petition] is dismissed with prejudice." The Order Dissolving Temporary Restraining Order was filed that day. Due to time constraints, further proceedings on Yu's petition were continued to October 22, 2021.

During the continued trial on October 22, 2021, the district court entered the Injunction Against Harassment in favor of Yu and against Liu. These appeals followed.

Our review of this appeal is constrained by Liu's failure to order transcripts of the proceedings as required by the Hawaiʻi Rules of Appellate Procedure (**HRAP**):

> When an appellant desires to raise any point on appeal that requires consideration of the oral proceedings before the court appealed from, the appellant shall file **with the appellate clerk**, within 10 days after filing the notice of appeal, a request or requests to prepare a reporter's transcript of such parts of the proceedings as the appellant deems necessary that are not already on file in the appeal.

HRAP Rule 10(b)(1)(A) (emphasis added).[2]

_____

[2] Liu's briefs cite to a compact disc of proceedings before the district court, but the compact disc is not part of the record on appeal.

Most of Liu's arguments concern statements he claims were made by the district court, testimony he claims was given by Yu, and his own testimony. Liu didn't order the transcripts upon which his arguments depend. We have no basis to review those allegations of error.

Liu argues that his exhibit P-3, two video clips, were "[t]he most important evidence of this case." One clip is less than a second in length. The other is two seconds long. The record does not contain testimony by Liu or by Yu about what the videos purport to show (or not show). Nor does the record contain any information reflecting what weight, if any, the district court gave to either video in reaching its decisions. This court has watched both clips. We cannot say that the contents of the clips, separately or together, convinces us that the district court clearly erred.

Finally, Liu argues that he was credible, Yu was not, and the district court erred by believing Yu and not believing him. Assessing the credibility of witnesses is a function for the trier of fact; an appellate court will not weigh credibility or resolve conflicts in the evidence. State v. Monteil, 134 Hawaiʻi 361, 368, 341 P.3d 567, 574 (2014).

For the reasons explained above, the "Order Dissolving Temporary Restraining Order" entered in JIMS no. 5DSS-21-0000100 on September 27, 2021, and the "Injunction Against Harassment" entered in JIMS no. 5DSS-21-0000106 on October 22, 2021, are affirmed.

DATED: Honolulu, Hawaiʻi, August 8, 2023.

On the briefs:

Wenjiu Liu,
Self-represented
Petitioner-Appellant/
Respondent-Appellant.

Melinda K. Mendes,
for Respondent-Appellee/
Petitioner-Appellee
Margaret Yu.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge